508 So.2d 602 (1987)
STATE of Louisiana, Appellee,
v.
Larry GREEN, Appellant.
No. 18547-KA.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1987.
Rankin, Yeldell, Herring & Katz by Richard Bailly, Bastrop, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, James Allan Norris, Jr., Dist. Atty., Lee E. Ineichen, Asst. Dist. Atty., W. Monroe, for appellee.
Before HALL, MARVIN and LINDSAY, JJ.
LINDSAY, Judge.
Defendant, Larry Green, was charged with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966. *603 Mr. Green was indigent and represented by appointed counsel. On March 16, 1983, following a jury trial, defendant was found guilty as charged. On April 22, 1983, the trial court sentenced the defendant to serve seven years at hard labor, consecutive to any other sentence. On the same day, April 22, 1983, and following the imposition of sentence, the defendant moved for and was granted an appeal to this court. The district attorney also filed a multiple offender bill against the defendant in accordance with LSA-R.S. 15:529.1. On May 31, 1983, a hearing was held on the multiple offender bill, resulting in defendant's seven year sentence being revoked and replaced by a sentence of twenty years at hard labor.

PROCEDURAL HISTORY
The procedural history of this case is rather lengthy. Following his conviction, the defendant filed an appeal with this court in which he assigned as error the harshness and severity of the sentence imposed. However, this assignment of error was neither briefed or argued and was therefore considered abandoned. This court examined the pleadings and proceedings for discoverable errors and errors patent and none were found. State v. Green, 446 So.2d 814 (La.App. 2d Cir.1984), writ denied.
Defendant subsequently filed an application for post conviction relief with the trial court. The trial court found each assignment of error contained in the application to be meritless and therefore denied relief. We reviewed the trial court's decision on the application for post conviction relief in State v. Larry Green, No. 17,282-KH (La. App. 2d Cir. April 9, 1985). Therein, we held that the trial court correctly resolved the issues concerning an alleged illegal search and seizure and the alleged illegal admission of applicant's confession. We also found defendant's sentence to be a legal sentence. However, this court also directed the trial court to conduct an evidentiary hearing to determine the merits of defendant's allegation that he was denied reasonably effective assistance of counsel at trial. The case was then remanded to the trial court with instructions that appointed counsel be provided for the defendant and that the evidentiary hearing be held.
The trial court conducted an evidentiary hearing and found that defendant's counsel was effective. We reviewed this decision in State v. Green, No. 18,038-KH (La.App. 2d Cir. Feb. 18, 1986). We found no error in the trial court's rejection of defendant's claim concerning ineffective assistance of counsel at trial. However, the defendant also claimed that he had been denied effective assistance of counsel on his first appeal. This court held that this allegation had merit. Defense counsel's representation of the defendant on his first appeal not only provided ineffective assistance, but no assistance whatsoever because counsel failed to brief or argue any of the assigned errors. Consequently, this court held that defendant had been denied his constitutional right to effective assistance of counsel on appeal and was therefore granted a new appeal from his conviction and sentence. This appeal followed.

FACTS
On November 18, 1982, Sergeant Allen Freeman of the Bastrop Police Department received a tip from a reliable confidential informant that Larry Green would be leaving his residence in a short time and that he had a quantity of marijuana in his possession. The informant provided Sergeant Freeman with a description of the defendant and his address, as well as the license plate number and description of the car defendant would be driving. As Sergeant Freeman drove to the defendant's house, he observed the described vehicle leaving the residence. Sergeant Freeman contacted two patrol officers and requested assistance. Those officers stopped the defendant's car.
Defendant and his eleven year old sister were the only occupants of the car. The defendant was giving his sister a ride to her father's house to spend the night. The police officers proceeded to search the defendant's car. The defendant's sister was *604 carrying her book satchel and an overnight bag. Inside the book satchel the officers found a plastic bag which contained ten small plastic bags of a substance later determined to be marijuana. Defendant was arrested and taken to the police station. While being booked, the defendant admitted to Sergeant Freeman that the marijuana was his and that he placed it in his sister's book satchel. The defendant made no further statements relative to the marijuana.

ASSIGNMENTS OF ERROR
In his new appeal, defendant asserted six assignments of error. Two of the assignments of error, one concerning proof of venue and one concerning the district attorney's rebuttal argument, were neither briefed nor argued in brief. Therefore, they are considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974); State v. Williams, 338 So.2d 672 (La.1976). The remaining assignments of error were briefed and have been considered in full. Finding that defendant's assignment of error concerning sufficiency of evidence has merit, for the following reasons, defendant's conviction for possession of marijuana with intent to distribute is reversed and his sentence is vacated. However, we find that there is sufficient evidence to support a conviction of the lesser included crime of possession of marijuana and remand the case to the trial court for entry of this verdict and imposition of sentence.
Defendant contends that there was insufficient evidence to convict him of possession of marijuana with intent to distribute. This claim raises two separate questions. First, was possession proven? Second, was there sufficient evidence relating to the defendant's intent to distribute?
When reviewing a case for sufficiency of evidence, the court is guided by the standard of "whether viewing the evidence in the light most favorable to the prosecution, any reasonable trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984).
We first consider whether the state proved that the defendant knowingly and intentionally possessed marijuana in violation of the statute. The record shows that following his arrest the defendant was fully advised of his Miranda rights. Thereafter, the defendant made a free and voluntary oral confession to Officer Freeman that the marijuana found in his sister's book satchel was his and that he had placed it there. Defendant contends that we should ignore Officer Freeman's testimony about the oral confession because it is unsupported by corroborating evidence. However, the defendant gives no other reason for not accepting the testimony of Officer Freeman as truthful. Determinations of credibility are well within the discretion of the finder of fact. We find no reason to reject that credibility determination in this case.
In proving that the defendant unlawfully possessed marijuana, the state presented evidence that the substance which the officers seized had been in the defendant's automobile inside his sister's book satchel. The substance was analyzed by an expert from the crime lab who testified that the substance was, in fact, marijuana. The defendant made a free and voluntary confession, after full advice of his Miranda rights, admitting that the marijuana was his. Therefore, we find that there is sufficient evidence in the record to prove the element of possession of marijuana beyond a reasonable doubt.
Having determined that the defendant was in possession of marijuana, the question then becomes whether there was sufficient evidence of intent to distribute. The state relied upon expert testimony and circumstantial evidence to prove defendant's intent to distribute. In applying the circumstantial evidence rule to Jackson v. Virginia, supra, this court is guided by the analysis provided in State v. Fluitt, 482 So.2d 906 (La.App. 2d Cir.1986).
The statutory rule as to circumstantial evidence is that assuming every fact to be proved that the evidence tends to *605 prove, in order to convict, it must exclude every reasonable hypothesis of innocence. This statutory rule is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of evidence test whenever the state relies on circumstantial evidence to prove an element of the crime. Ultimately, the Jackson standard is the objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. The statutory rule, however, provides an evidentiary guideline for the jury considering circumstantial evidence and facilitates appellate review of whether a rational jury could have found the defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is, therefore, a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. Thus, although the circumstantial evidence rule may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, it does emphasize the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of the circumstantial evidence.
The defendant's marijuana was wrapped in ten small plastic bags contained in one larger plastic bag. The total amount of marijuana was approximately 1.62 ounces, less than two "lids." Sergeant Freeman testified that in his experience marijuana was packaged and sold in small plastic bags. He stated that when marijuana is packaged for personal use, he has found that it is usually in one small plastic bag or a single cigarette. The state failed to elicit any further evidence whatever from the officer on this issue, either factual or expert opinion.
The state has not suggested or contended that the placing of the marijuana in the book satchel of the defendant's eleven year old sister was a distribution of marijuana or that it evidenced an intent to distribute. The record reveals that it is probable that the marijuana was hidden in the child's book satchel by the defendant in an attempt to prevent its discovery by the officers who conducted the stop and search of the vehicle.
In State v. House, 325 So.2d 222 (La. 1975), the Louisiana Supreme Court listed several factors which are useful in determining whether circumstantial evidence is sufficient to prove an intent to distribute controlled dangerous substances. First, whether defendant ever distributed or attempted to distribute any marijuana. Second, was the marijuana in a form usually associated with marijuana possessed for distribution to others? Next, whether the amount was such as to create a presumption of intent to distribute. Fourth, expert or other testimony that such an amount as found in the defendant's possession is consistent with personal use only. Last, was there filed in evidence any paraphernalia, such as baggies or scales, evidencing an intent to distribute?
In considering the factors referred to in State v. House, we find that the state offered insufficient evidence of the defendant's intent to distribute the marijuana which he possessed to support this element of the crime charged. For example, and in accordance with the factors set forth above, the state did not prove that the defendant ever distributed or attempted to distribute any marijuana. The state presented the testimony of one Johnny Bates and from that testimony attempted to argue that the defendant intended to distribute marijuana to him. However, there is no evidence that Bates attempted to obtain marijuana from the defendant or that the defendant intended or attempted to distribute any marijuana to Bates. In this regard, we note that the defendant offered the testimony of two of his co-workers that on one occasion it was Bates who attempted to distribute marijuana to them.
The defendant did possess marijuana in small baggies and the officer testified that marijuana in this form was usually associated with marijuana possessed for distribution to others. Although this factor is significant, *606 the arresting officer gave no opinion as to why the defendant may not have purchased the marijuana in this form for his own use, as opposed to possessing it with the intent to distribute it to others. The small quantity of marijuana, being 1.62 ounces, was certainly not a sufficient amount to create a presumption of intent to distribute. With respect to the testimony of the police officer, there was no indication that the amount of marijuana possessed by the defendant, 1.62 ounces, was inconsistent with personal use only. Further, there was no indication or evidence offered that the defendant possessed any paraphernalia evidencing an intent to distribute, such as scales or baggies, other than the obvious fact that the marijuana was packaged in a baggie. No paraphernalia was found in the automobile and none of the witnesses who testified that they had been in the defendant's home indicated the presence of such paraphernalia.
In analyzing the state's case and the testimony of the police officer, we note that there was no evidence presented by the state as to the value of the marijuana, that small quantities of marijuana packaged in the fashion found in this case would be inconsistent with personal use, what quantities might have been possessed by a distributor as opposed to quantities possessed for personal use, or the methods of distribution (modus operandi) and methods of purchase and use of marijuana in the community in which the defendant lived. In short, there was no other evidence offered tending to corroborate the state's theory that the possession by the defendant was with the intent to distribute. Although we may speculate upon several of the factors mentioned above, nevertheless, there was insufficient evidence presented to the jury from which the jury could conclude beyond a reasonable doubt that the defendant intended to distribute the marijuana which he possessed. Accordingly, his conviction for the charged offense must be set aside.
However, the discharge of a defendant is neither necessary nor proper when the evidence supports a conviction of a lesser and included offense which is a legislatively authorized responsive verdict. LSA-C. Cr.P. Art. 821E; State v. Byrd, 385 So.2d 248 (La.1980). Viewing the evidence in the light most favorable to the prosecution, we find that all the elements of the crime of possession of marijuana have been proven beyond a reasonable doubt to the satisfaction of the trier of fact. The verdict of guilty of the greater offense of possession with intent to distribute marijuana explicitly reflects the finding that the defendant possessed marijuana. See State v. Byrd, supra. Possession of marijuana is a legislatively authorized responsive verdict to a charge of possession of marijuana with intent to distribute. LSA-C.Cr.P. Art. 814A (49).
For the above reasons, the defendant's conviction of possession of marijuana with intent to distribute and his sentence therefor are set aside, and this case is remanded to the trial court with instructions to enter a judgment of guilty of possession of marijuana and to sentence the defendant accordingly.
CONVICTION AND SENTENCE SET ASIDE, REMANDED TO ENTER JUDGMENT OF GUILTY AND SENTENCING.