524 So.2d 927 (1988)
STATE of Louisiana, Appellee,
v.
Larry GREEN, Appellant.
No. 19,541-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
Rehearing Denied May 26, 1988.
*928 Timothy R. Fischer, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Don M. Burkett, Dist. Atty., Robert E. Burgess, Asst. Dist. Atty., Mansfield, for appellee.
Before HALL, SEXTON and NORRIS, JJ.
HALL, Chief Judge.
Defendant, Larry Green, appeals his conviction by jury of possession of marijuana with intent to distribute, and his sentence of six years imprisonment at hard labor. LSA-R.S. 40:966(A).
In four assignments of error, defendant questions the admissibility of evidence, the sufficiency of the evidence to convict, and the excessiveness of his sentence. Finding merit in defendant's argument that there was insufficient evidence of the intent to distribute element of the crime charged, we reverse his conviction and sentence and remand his case to the trial court with instructions to enter a judgment of guilty of the lesser included offense of possession of marijuana, LSA-R.S. 40:966(D), and to resentence the defendant.
*929 FACTS
Shortly after noon on December 18, 1984 Lt. Charlie Frazier of the DeSoto Parish Sheriff's office received a tip regarding drug sales from a confidential informant. Lt. Frazier testified that he had known the informant for approximately two or three years and that he had proven to be reliable in the past in that he had turned in numerous tips which had led to some convictions. The caller stated that Larry Green and George ("Hippie") Myles were selling "joints" in a playground area at a housing project in Mansfield, Louisiana. He further stated that Green had a package of joints in the pocket of his jeans. Lt. Frazier relayed this information to Lts. Judson Rives, Marvin Melton and Toni Morris. These officers then proceeded in two unmarked cars to the scene of the alleged drug transaction, arriving approximately ten to twelve minutes after the call was received. Several adult males, including defendant and Myles, were at the playground when the officers arrived.
Lt. Rives testified that when the officers got out of their cars the defendant and Myles began to run. Lt. Rives shouted the defendant's name and then gave chase. The officer stated that while he was chasing defendant, he noticed a bulge in defendant's right pocket. Lt. Rives caught up with defendant several times and advised him that he was under arrest but the defendant pushed him away and ran into an apartment. Lt. Rives was approximately five to six feet behind the defendant when the defendant entered the apartment.
Upon entering the apartment, Lt. Rives heard a commotion in the back of the house. As he went down the hall to the back of the apartment, Lt. Rives saw defendant coming out of the bathroom. The officer testified that defendant's right pocket was turned inside out. Defendant then ran into a bedroom where Lt. Rives caught him. Lt. Rives then went back across the hall to the bathroom and attempted to lift the lid of the commode. The defendant told him that he was not going to look in there but he pulled the commode lid off anyway and found two bags with hand rolled cigarettes in them. Lt. Rives grabbed one of the bags and then defendant grabbed him and pulled him back. An "exchange of pushing and pulling" followed but Lt. Rives was eventually able to get the defendant and one of the bags outside the house.
Lt. Rives testified at trial that he saw five or six males in the living room of the apartment when he and the defendant came out of the bathroom but that he had full view of the bathroom door and that from the time defendant came out of the bathroom until he went into the bathroom no one else went in the bathroom. At the preliminary exam, Lt. Rives testified that he returned to the apartment later that day to retrieve the other bag of hand rolled cigarettes from the commode but that it was not there. The bag seized by Lt. Rives and its contents was later analyzed by the Northwest Louisiana Criminalistics laboratory and found to contain 51 marijuana cigarettes and a small amount of loose marijuana.
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant argues that the trial court erred in denying his motion to suppress physical evidence. Defendant asserts that the physical evidence discovered by Lt. Rives when he searched the apartment should have been suppressed because Lt. Rives did not have a search warrant and because the circumstances leading up to the search did not fall within an exception to the search warrant requirement. Specifically defendant argues the "search incident to a lawful arrest" exception to the search warrant requirement does not apply in this case because his arrest was not lawful in that it was made without an arrest warrant and without probable cause to justify a warrantless arrest.
Both the United States Constitution and the Louisiana Constitution protect citizens from "unreasonable searches and seizures". U.S. Const.Amend. IV, XIV; La.Const. Art. I, § 5. Searches conducted without a search warrant are presumed unreasonable unless they are justified by one of the exceptions to the search warrant *930 requirement. A search incident to a lawful arrest is a recognized exception to the rule that a warrantless search is unreasonable. State v. Ruffin, 448 So.2d 1274 (La. 1984). A lawful arrest may be made without an arrest warrant if the officer has probable cause to believe that the person to be arrested has committed a crime. LSA-C. Cr.P. Art. 213. The existence of probable cause is judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. Ruffin, supra. A confidential informant's information may provide adequate information to establish probable cause for a warrantless arrest, if the basis for the information and the informant's reliability, when examined under a totality of the circumstances test, are established. Relevant considerations under this test include an informant's veracity, reliability and basis of knowledge. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
In this case, Lt. Frazier testified that the informant had proven to be reliable in the past and that some convictions had been obtained based upon tips provided by this informant. This proven reliability, when combined with verification of defendant's presence at the scene and the fact that defendant fled the scene when the officers got out of their cars, would indicate to the average police officer that it was probable that a crime had been committed. Further corroboration of the informant's information came when Lt. Rives spied the bulge in the defendant's pocket as he attempted to apprehend the defendant so that the arrest could be made. Under a totality of the circumstances test, we find that Lt. Rives had probable cause to arrest the defendant. We further find that Lt. Rives was justified in pursuing the defendant into the apartment in order to effect the arrest. The probability that evidence might be destroyed if the arrest was not effected immediately created an emergency situation which justified the intrusion. State v. Hathaway, 411 So.2d 1074 (La.1982).
The search conducted by Lt. Rives was incident to a lawful arrest and the physical evidence produced by this search was properly admitted into evidence at defendant's trial.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant contends that the trial court erred in permitting a sheriff's deputy to testify to an opinion that defendant possessed marijuana with the intent to distribute. Lt. Robert Davidson, a narcotics investigator with the DeSoto Parish Sheriff's Office, was qualified by the prosecution as an expert in the field of how marijuana is packaged and sold in Northwest Louisiana. Because his testimony related entirely to the intent to distribute element of the crime and because we have determined that an intent to distribute was not proven even with Lt. Davidson's testimony, there is no need to discuss this assignment of error.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error, defendant asserts there was insufficient evidence to convict him of possession of marijuana with the intent to distribute. Defendant urges both that there was insufficient evidence to convict him of possession of marijuana and, alternatively, insufficient evidence of an intent to distribute. Defendants asserts that the state relied on purely circumstantial evidence to prove its case and contends that there is no direct evidence to prove either possession or intent to distribute.
On the possession issue, defendant argues that there were five to six adult males in the apartment where the marijuana was found, and that prior to entering the apartment Lt. Rives had called out that he had the defendant under arrest. Defendant argues that someone other than the defendant could have placed the bag of marijuana cigarettes in the toilet tank before Lt. Rives entered the apartment and therefore the state has not proved beyond a reasonable doubt that defendant possessed the marijuana.
In order to satisfy due process standards, the evidence, when viewed in the *931 light most favorable to the prosecution, must be sufficient for a rational juror to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984); State v. Hobbs, 494 So.2d 1246 (La.App. 2d Cir. 1986). The statutory rule as to circumstantial evidence provided for in LSA-R.S. 15:438 is that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
In proving that the defendant unlawfully possessed marijuana, the state presented evidence that defendant fled the scene when the officers arrived; the arresting officer saw a bulge in the defendant's pants pocket; the defendant was only in the apartment a few seconds before the arresting officer entered the apartment; the defendant was leaving the bathroom where the marijuana was found with his jean pocket turned inside out when the officer spotted him; and no one else entered the bathroom between the time the defendant left it and the time the officer retrieved the marijuana from the commode. The crime lab report confirmed that the hand-rolled cigarettes and the loose vegetable material found in the commode were, in fact, marijuana. Therefore, we find that there is sufficient evidence in the record to prove the element of possession of marijuana beyond a reasonable doubt.
Having determined that the defendant was in possession of marijuana, the question then becomes whether there was sufficient evidence of intent to distribute. The State relied upon expert testimony and circumstantial evidence to prove defendant's intent to distribute.
Factors which are useful in determining whether circumstantial evidence is sufficient to prove an intent to distribute a controlled dangerous substance include (1) whether the defendant ever distributed or attempted to distribute any marijuana; (2) was the marijuana in a form usually associated with marijuana possessed for distribution to others, (3) whether the amount was such as to create a presumption of an intent to distribute, (4) expert or other testimony that such an amount as found in the defendant's possession is consistent with personal use only, and (5) evidence of any paraphernalia, such as baggies or scales, evidencing an intent to distribute. State v. Green, 508 So.2d 602 (La.App. 2d Cir. 1987).
In considering the factors referred to in State v. Green, supra., we find that the state offered insufficient evidence of the defendant's intent to distribute the marijuana which he possessed to support this element of the crime charged. The state did not prove that the defendant ever distributed or attempted to distribute any marijuana. The defendant did possess marijuana in the form of joints and Lt. Davidson testified that marijuana was sold in this form in DeSoto Parish. Although this factor is significant, it was counterbalanced by the fact that this form is also used for personal consumption. Additionally, it is just as reasonable to infer that the defendant had purchased the marijuana in this form for his own use, as to infer that he possessed it with the intent to distribute it to others. Next, the marijuana possessed by defendant consisted of 51 hand rolled cigarettes and a small amount of loose marijuana. The total amount of marijuana was approximately one-third ounce. This quantity of marijuana, either by weight or number of joints, is not a sufficient amount to create a presumption of intent to distribute and the state presented no evidence that the amount of marijuana possessed by the defendant was inconsistent with personal use only. Defendant, on the other hand, presented expert testimony that this amount of marijuana and this number of joints was not inconsistent with personal use. Further, there was no indication or evidence offered that the defendant possessed any paraphernalia evidencing an intent to distribute, such as scales or baggies, other than the obvious fact that the marijuana was in a baggie.
We hold that there was insufficient evidence presented to the jury from which the jury could conclude beyond a reasonable doubt that the defendant intended to distribute *932 the marijuana which he possessed. Accordingly his conviction of possession of marijuana with intent to distribute must be set aside.
However, the discharge of a defendant is neither necessary nor proper when the evidence supports a conviction of a lesser and included offense which is a legislatively authorized responsive verdict. LSA-C.Cr.P. 821(E); State v. Byrd, 385 So.2d 248 (La.1980). Viewing the evidence in the light most favorable to the prosecution, we find that all the elements of the crime of possession of marijuana have been proven beyond a reasonable doubt to the satisfaction of the trier of fact. The verdict of guilty of the greater offense of possession with intent to distribute marijuana explicitly reflects the finding that the defendant possessed marijuana. See State v. Byrd, supra. Possession of marijuana is a legislatively authorized responsive verdict to a charge of possession of marijuana with intent to distribute. LSA-C.Cr.P. Art. 814(A)(49).
ASSIGNMENT OF ERROR NO. 4
Because the sentence is being set aside for other reasons, it is not necessary to consider this assignment urging excessiveness of the sentence.
For the above reasons, the defendant's conviction of possession of marijuana with intent to distribute and his sentence therefor are set aside, and this case is remanded to the trial court with instructions to enter a judgment of guilty of possession of marijuana and to sentence the defendant accordingly.
CONVICTION AND SENTENCE SET ASIDE, REMANDED TO ENTER JUDGMENT OF GUILTY OF LESSER INCLUDED OFFENSE AND FOR SENTENCING.

ON APPLICATION FOR REHEARING
Before HALL, MARVIN, SEXTON, NORRIS and LINDSAY, JJ.
Rehearing Denied.