544 So.2d 636 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Phillip A. JONES, Defendant-Appellant.
No. CR88-811.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
*637 David Stone, Alexandria, for defendant-appellant.
Thomas Yeager, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
KNOLL, Judge.
Defendant, Phillip A. Jones, appeals his conviction for possession of marijuana with the intent to distribute, a violation of LSA-R.S. 40:966 A (1). After waiving his right to a jury trial, defendant was found guilty as charged in a bench trial, and was sentenced to serve five years at hard labor, suspended, and placed on five years active probation subject to numerous conditions, including that he serve one year in the parish prison, pay a $1500 fine, and reimburse the indigent defender board $500. Defendant appeals his conviction, relying on six assignments of error.
Assignments of error three, four, and five have not been briefed, therefore these assignments are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

FACTS
At 5:15 p.m. on May 13, 1987, Officer John Faglie of the Rapides Parish Sheriff's Office, narcotics division, received a telephone tip from a reliable confidential informant concerning certain drug activity occurring at Cheatham Park, a football and baseball complex, in Alexandria, Louisiana. Acting on this information, Officers Faglie and Kenneth Hertzog traveled to the parking lot of the stadium, arriving there at approximately 5:25 p.m.
The officers observed two black males sitting on the counter of a concession stand that faces the parking lot of Cheatham Park. The concession stand provided the only immediate access to the inside of the ball field which was surrounded by a high chain link fence, approximately six feet in height. The officers also observed a pickup truck, with a black male seated inside, parked in front of the concession stand.
As the officers exited their vehicle, the two individuals inside the concession stand jumped from the counter, and exited through a back door into the enclosed ball field. When the officers identified themselves and commanded the two individuals to stop, only the defendant obeyed; the other individual continued running and was not apprehended.
While Officer Faglie maintained contact through the chain link fence with defendant, Officer Hertzog, jumped over the concession counter into the concession area to retrieve defendant. As Officer Hertzog entered the concession stand, he discovered seven small plastic sandwich bags of suspected marijuana in a plastic container affixed to the counter.
Defendant was placed under arrest and transported to the Rapides Parish Sheriff's Office. Later, after a chemical analysis of four of the seven sandwich bags found at the scene revealed the presence of marijuana, defendant was charged by bill of information with the present offense.

SUFFICIENCY OF THE EVIDENCE
Defendant contends that the State failed to prove by sufficient evidence that he had constructive possession of marijuana and that he had the requisite intent to distribute it.
In State v. Lilly, 468 So.2d 1154 (La. 1985), the Supreme Court stated:
"The Due Process Clause of the Fourteenth Amendment requires this court to review the evidence upon which a criminal conviction is based to determine whether it is minimally sufficient. A defendant has not been afforded due process, and his conviction cannot stand, unless, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Additionally, *638 we are governed by our statutory rule as to circumstantial evidence: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. R.S. 15:438."
We first address the question of whether the State proved that defendant was in possession of the marijuana.
Defendant argues that there was no evidence to establish his dominion or control over the marijuana found in a concession stand open to the public, and that the trial court's reliance on his momentary flight from the scene was insufficient to impute guilty knowledge to him.
In State v. Walker, 514 So.2d 602 (La. App. 4th Cir.1987), a case involving the possession of cocaine, the court elaborated on the question of possession and stated:
"The state need not prove that a defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La. 1983).
The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Trahan, supra; State v. Johnson, 404 So.2d 239 (La.1981), cert. den.; Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). However, a person found in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, supra; State v. Johnson, supra; State v. Smith, 257 La. 1109, 245 So.2d 327 (1971); or if the person is in joint possession of a drug which is in the physical possession of a companion, if he willfully and knowingly shares with the other the right to control of the drug. Guilty knowledge is the essential element. State v. Trahan, supra, citing State v. Smith, supra. See also, State v. Hayes, 488 So.2d 1287 (La. App. 4th Cir.1986). The determination of whether there is possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra, citing State v. Cann, 319 So.2d 396 (La. 1975).
The fact finder may draw reasonable inferences based on the evidence presented at trial. State v. Edwards, 354 So.2d 1322 (La.1978); La.R.S. 15:446.
Several factors to be considered in determining whether a defendant exercised `dominion and control' over the narcotics to constitute constructive possession are as follows:
`... a defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by the drug users.' State v. Tasker, 448 So. 2d 1311 (La.App. 1st Cir.1984), citing Bujol v. Cain, 713 F.2d 112 (U.S.C.A. 5th Cir.1984)."
In proving that defendant unlawfully possessed marijuana, the arresting officers testified that they observed defendant and another individual seated on the counter of the concession stand next to where the sandwich bags of marijuana were ultimately found, and that defendant fled the scene when the officers arrived. While an individual's flight does not in and of itself indicate any guilt, it can be considered as circumstantial evidence that one has committed an offense. State ex rel. Womack v. Blackburn, 393 So.2d 1216 (La.1981). The crime lab report confirmed that at least four of the seven sandwich bags seized at the time of arrest from the concession stand were, in fact, marijuana. Therefore, when viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could conclude beyond a reasonable doubt that defendant had the knowledge of the presence of the marijuana and sufficient control and dominion over it to constitute constructive possession of the marijuana.
*639 We now turn our attention to the question of whether the State proved with sufficient evidence that defendant had the requisite intent to distribute the marijuana.
In State v. Green, 524 So.2d 927, 931 (La.App. 2nd Cir.1988), our brethren of the Second Circuit synopsized the Supreme Court's holdings in State v. House, 325 So.2d 222 (La.1975), and stated:
"Factors which are useful in determining whether circumstantial evidence is sufficient to prove an intent to distribute a controlled dangerous substance include (1) whether the defendant ever distributed or attempted to distribute any marijuana; (2) was the marijuana in a form usually associated with marijuana possessed for distribution to others, (3) whether the amount was such as to create a presumption fo an intent to distribute, (4) expert or other testimony that such an amount as found in the defendant's possession is consistent with personal use only, and (5) evidence of any paraphernalia, such as baggies or scales, evidencing an intent to distribute."
In the case sub judice, in addition to the evidence shown hereinabove under our discussion of defendant's possession of the marijuana, the State presented evidence from narcotics officers, one of whom was qualified at trial as an expert in the distribution and packaging of drugs, that the marijuana seized from the concession stand was separated into seven "ten cent" or "dime" baggies, and that each baggie of marijuana would customarily be sold in the Alexandria area for ten dollars.
In considering the factors enumerated in the jurisprudence hereinabove, we find that the State offered insufficient evidence of defendant's intent to distribute the marijuana which he possessed. The State did not prove that defendant ever distributed or attempted to distribute any marijuana, or that the area in which defendant was arrested was commonly frequented by drug users. Although defendant did possess marijuana which was broken down into units which are usually sold, there was no testimony which would suggest that such packaging is inconsistent with personal use only.
Lastly, we examine the trial court's reasoning that the amount of marijuana involved was indicative of defendant's intent to distribute. We have carefully examined the record, and find that the weight of the marijuana, or its equivalent as expressed in terms of the number of marijuana cigarettes which could be made, was not established at trial. In reference to the seven baggies of marijuana seized in the present case, we only note that in State v. Green, 508 So.2d 602, at 604 (La.App. 2nd Cir. 1987), ten small plastic bags of marijuana, containing 1.62 ounces, were not considered inconsistent with personal use only. Where there is no evidence that the amount of marijuana involved is inconsistent with personal use, mere possession of a quantity of marijuana is not evidence of intent to distribute unless the quantity is so large that no other inference is reasonable. State v. Greenway, 422 So.2d 1146 (La. 1982). Accordingly, we find that defendant's conviction for possession of marijuana with intent to distribute must be set aside.
Nevertheless, the discharge of a defendant is neither necessary nor proper when the evidence supports a conviction of a lesser and included offense which is a legislatively responsive verdict. LSA-C. Cr.P. Art. 821 E; State v. Greenway, supra. Since the evidence supports conviction of possession of marijuana, a judgment of conviction of that lesser responsive offense will be entered. State v. Byrd, 385 So.2d 248 (La.1980).

DECREE
For the foregoing reasons, defendant's conviction of possession of marijuana with intent to distribute and his sentence therefor are vacated and set aside, and this case is remanded to the trial court with instructions to enter a judgment of guilty of possession of marijuana, and to sentence the defendant accordingly.
CONVICTION AND SENTENCE VACATED AND SET ASIDE, REMANDED TO ENTER JUDGMENT OF GUILTY TO *640 LESSER RESPONSIVE OFFENSE, AND SENTENCING.
DOMENGEAUX, J., concurs in part and dissents in part and assigns reason.
DOMENGEAUX, Judge, concurring in part and dissenting in part.
I submit that the conviction and sentence herein should stand in toto.
The record satisfies me that defendant's intent to distribute narcotics was adequately proven.
In order to prove the element of intent to distribute narcotics, the State must prove defendant's subjective specific intent to possess in order to distribute. State v. Elzie, 343 So.2d 712 (La.1977). Intent is a state of mind and need not be proven as a fact, but may be inferred from the circumstances. The quantity of narcotics, the circumstances of its possession, the street value and dosage units are relevant to the issue of intent. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Tornabene, 337 So.2d 214 (La.1976).
Defendant was found with seven "baggies", four of which were tested and proven to contain marijuana. At trial two law enforcement officials testified on the basis of their experience and training that the marijuana was packaged for sale. In fact, one of those officers was qualified as an expert in the distribution and packaging of drugs. Whereas a large quantity of drugs can show intent because the amount is larger than ordinarily held for personal use, a small quantity of drugs can show intent if the drugs are found prepared in a customary fashion for trafficking. The uncontroverted testimony established that this marijuana was separated in "ten cent" or "dime bags", and that this quantity was customarily packaged for ten dollar purchases. It is submitted that, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt the defendant intended to distribute these baggies of marijuana.
Defendant suggests on appeal that it is equally plausible, if not more so, that he was at the Park to purchase drugs, not to sell them. Inasmuch as he had no money when arrested, it appears improbable that the defendant went to the Park to purchase drugs.
Respectfully, I concur in part and dissent in part.