609 So.2d 822 (1992)
STATE of LOUISIANA
v.
Cecil Carl TONG.
No. 92-K-1748.
Supreme Court of Louisiana.
December 3, 1992.
*823 John P. Mauffray, Jr., Jena, for applicant.
Richard P. Ieyoub, Atty. Gen., John R. Walters, Dist. Atty., Walter E. Dorroh, Jr., Asst. Dist. Atty., for respondent.
PER CURIAM[*].
The defendant was charged by bill of information with possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A). After trial by jury, he was found guilty as charged. The trial court sentenced the defendant to eight (8) years at hard labor, suspended, five (5) years' active probation, with the special condition that he spend three (3) years in the parish jail. On appeal, the Third Circuit affirmed defendant's conviction and sentence, rejecting, among other arguments, his claim that the evidence failed to support the jury's verdict. State v. Tong, 599 So.2d 1102 (La.App. 3rd Cir.1992). We granted the defendant's application for review to consider whether the state, which established that the defendant had constructive possession of the marijuana retrieved from his car, also proved that he had the intent to distribute the contraband. After review of the record, we conclude that no rational trier-of-fact could have found that specific intent to distribute, and reverse according.
On the night of February 5, 1990, LaSalle Parish Sheriff deputies patrolling near Jena, Louisiana, spotted defendant's vehicle traveling on Highway 84 with one headlight out and signaled the car to pull over. Defendant was at the wheel; his passenger, Billy Gregory, sat on the other side of the console separating the front seats. When the defendant got out of his car, the deputies noticed the strong smell of marijuana about him and the vehicle. After defendant refused permission to search the vehicle, the deputies obtained a search warrant based on a tip they had received earlier that evening from a confidential informant. The officers allowed Gregory to remain seated in the car for approximately 20 minutes while they obtained the warrant before removing him to conduct the search. The deputies then entered the car and seized two plastic bags containing marijuana found between the driver's seat and console. They also retrieved a diatetic scale, three plastic sandwich bags from the glove compartment, *824 and a Crown Royal bag with a potpourri scent.
At trial, Billy Gregory testified for the state and denied any knowledge of the two bags of marijuana found on the driver's side of defendant's vehicle. According to the state's criminalist, T.J. Shuflin, the two plastic bags contained some stems and clumps of vegetable matter he identified as marijuana. The criminalist testified that the three plastic sandwich bags taken from the glove compartment were "empty," although "there could have been very small gleanings ... nothing that you would consider sufficient to do any type of analysis." Shuflin did not weigh the contents of the two bags containing marijuana.
The state's expert in narcotics trafficking, Captain Ronnie Sellers, estimated that the plastic bags each contained less than one-tenth of an ounce of "poorly manicured" marijuana. In his opinion, they were "dime" or "nickel" bags "commonly sold in this form." Dime and nickel bags represented the low end of the distribution traffic conducted mainly in "ounces, half ounces, quarter ounces." The diatetic scale, "commonly used to weigh narcotics" and the three empty sandwich bags found in the vehicle's glove compartment, bolstered his opinion that the marijuana had been packaged for sale. According to Sellers, "anybody that's involved in narcotics dealing ... has a supply of plastic bags ... [there are] several tools of the trade that a dealer carries and ... scales and the plastic bags are a part of it." Sellers also thought it significant that the police did not recover cigarette rolling papers or a pipe from the car, and that they retrieved two bags of marijuana rather than one. Those circumstances suggested to Sellers that the plastic bags were "something related to dealing" and not just for personal use.
On cross-examination, Sellers conceded that the reeking smell of marijuana from the car indicated that the occupants "were users," and that the small quantity in the bags "could be consistent" with personal use. When challenged by defense counsel to state positively that defendant held the bags for sale and not for personal use, Sellers responded that he "could say it could positively be used for either one depending on what the person wanted to do with them." As for the scale, Sellers conceded that narcotics dealers used primarily, if not exclusively, a balance beam device because of its much greater accuracy in measuring small weights. Defendant's diatetic scale was used to weigh food and Sellers admitted that the device was too crude to register the weight of the individual plastic bags containing the marijuana. Sellers also testified that poorly "combed" or not, the marijuana in the bags appeared ready for use. He could not preclude the possibility that the defendant had just purchased both bags before the deputies stopped him, a circumstance which might also explain why the police failed to find any smoking paraphernalia in the vehicle. The potpourri scent of the Crown Royal bag, the witness acknowledged, was useful to users as well as dealers for disguising the odor of marijuana.
It is settled that "[i]n the absence of circumstances from which an intent to distribute may be inferred, mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible." State v. Hearold, 603 So.2d 731, 735 (La.1992). In this case, the state presented no evidence of the number of cigarettes that defendant's marijuana could supply and Seller's testimony made clear that defendant's plastic bags contained minimal amounts of packaged marijuana. Compare State v. Duncan, 420 So.2d 1105 (La. 1982) (8 ounces of marijuana, enough for 1000 cigarettes, in small bags established an intent to distribute); State v. Sibley, 310 So.2d 100 (La.1975) (amount of marijuana for 600 cigarettes supported an inference of intent to distribute); State v. Stewart, 465 So.2d 206 (La.App. 3rd Cir.1985), writ denied, 468 So.2d 571 (La.1985) (1½ pounds of marijuana in small bags sufficient to establish an intent to distribute); see also State v. Green, 524 So.2d 927 (La.App. 2nd Cir.1988), writ denied, 532 So.2d 129 (La. 1988) (possession of 51 marijuana cigarettes not sufficient to raise an inference of intent to distribute).
*825 A jury may otherwise infer intent from the circumstances surrounding the defendant's possession of contraband. State v. Hearold, supra; State v. Elzie, 343 So.2d 712 (La.1977). For due process purposes, all evidence, both direct and circumstantial, must satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Porretto, 468 So.2d 1142 (La.1985); State v. Wright, 445 So.2d 1198 (La.1984). The lynchpin of the Jackson standard is rationality. State v. Mussall, 523 So.2d 1305 (La.1988). When the case involves circumstantial evidence, a trier-of-fact must reasonably reject the hypothesis of innocence advanced by the defendant before a reviewing court may determine, after considering all of the evidence in the light most favorable to the prosecution, that the state's case excluded any other reasonable hypothesis of innocence and thereby supported the jury's verdict. State v. Captville, 448 So.2d 676 (La.1984).
In this case, the testimony of Captain Sellers invited the jurors to speculate on the probabilities that defendant held the marijuana for distribution and not for personal use. Sellers, however, offered the jurors no rational basis for making that determination. Sellers thought the absence of smoking paraphernalia significant, but he could not deny that the occupants of the car had almost certainly been smoking marijuana just before the stop. Sellers therefore could not discount the possibility that defendant had purchased the two bags of marijuana for his personal use just before the stop and before he had the chance to combine the contents into a single bag. It may have been obvious to the jury that the three plastic bags taken from the defendant's glove compartment were similar in size and shape to the two plastic bags of marijuana, although no witness made the comparison on the record. Those three plastic bags lost their evidentiary significance, however, when Sellers conceded that the other so-called tool of the narcotics trade, the diatetic scale, was too crude to measure the marijuana in the individual plastic bags. In addition, Deputy David Smith, the officer who applied for the search warrant, had testified before Sellers took the stand that in his experience of some 45 undercover narcotics purchases, marijuana was sold "not by weight, usually it's by a bag." Smith may have seized the scale because of its general associations with narcotics trafficking but in this specific instance the device had no apparent relevance to the case. According to the state's own expert, the potpourri scent from the Crown Royal bag, used to mask the odor of marijuana, was as consistent with possession as with distribution.
The Jackson standard does not permit a reviewing court to substitute its judgment of what the evidence proved at trial for that of a jury. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). Nevertheless, "`the jury cannot be permitted to speculate if the evidence is such that reasonable jurors must have a reasonable doubt.'" State v. Mussall, supra, 523 So.2d at 1311 [quoting 2 C. Wright, Federal Practice & Procedure, Criminal 2d § 467 (2d ed. 1982) ]. Read in its entirety, Sellers's testimony offered the jury no rational basis for rejecting the reasonable hypothesis presented by the evidence at trial that the defendant possessed the marijuana for personal use and not for distribution.
The defendant's conviction for possession of marijuana with intent to distribute is therefore reversed. The evidence at trial, however, provided the jury with a reasonable basis for rejecting the other hypothesis of innocence advanced by the defendant. Counsel argued that the marijuana belonged to Gregory and that he took advantage of the officer's oversight in leaving him in the car after the stop to dispose of the evidence. The jury found Gregory's denials credible, however, and the other evidence in the case, including defendant's ownership of the car, the location of the marijuana bags on the driver's side of the vehicle, and the strong odor of marijuana clinging to him when he emerged from the vehicle, gave the jury a rational basis for concluding that he had constructive possession of the drug. State v. Sweeney, 443 So.2d 522 (La.1983); compare State v. *826 Bell, 566 So.2d 959 (La.1990). Accordingly, judgment for simple possession of marijuana, a lesser included and statutorily responsive verdict, La.C.Cr.P. art. 814(A)(46), is entered, La.C.Cr.P. art. 821, and this case is remanded to the district court for resentencing.
CONVICTION AND SENTENCE FOR POSSESSION OF MARIJUANA WITH THE INTENT TO DISTRIBUTE VACATED; JUDGMENT OF SIMPLE POSSESSION OF MARIJUANA ENTERED; CASE REMANDED TO THE DISTRICT COURT FOR RESENTENCING.
NOTES
[*] Judge Melvin A. Shortess of the First Circuit Court of Appeal sitting in place of Cole, J.