700 So.2d 1177 (1997)
STATE of Louisiana
v.
Jacquel J. JACK, Defendant-Appellant.
No. CR97-351.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
Don M. Burkett, Many, for State.
Jacquel J. Jack, Winnfield, pro se.
Joseph David Toups, Jr., Mansfield, for Jacquel J. Jack.
Before SAUNDERS, WOODARD and GREMILLION, JJ.
*1178 SAUNDERS, Judge.
Subsequent to arrest on an outstanding warrant, Defendant was charged with possession of a controlled dangerous substance with intent to distribute, violating La.R.S. 40:966(A). A jury convicted Defendant of the charge and Defendant appeals, presenting for review whether the evidence supported that he had the intent to distribute the drugs found on his person.

FACTS
Jacquel Jack, Defendant, was arrested on an outstanding warrant while exiting a Many grocery store by Officer Jim Hembree, who knew Defendant. During booking procedures, a search of Defendant produced ten small bags of marijuana. The bags were found in Defendant's underwear.
The bags of marijuana were described by Officer Hembree as ten small individually wrapped plastic bags of marijuana wrapped in one large bag.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

ASSIGNMENT OF ERROR
In Defendant's sole assignment, this court is asked to review whether, based on the facts above, sufficient evidence was adduced to convict Defendant of possession with intent to distribute marijuana, i.e., a controlled dangerous substance. Defendant only takes issue with respect to "intent to distribute," contending that the State produced nothing from which the jury could have reasonably inferred the requisite element of intent in this case. Defendant does not contest that he possessed the marijuana found on his person.
In support of this argument, Defendant offers State v. Harmon, 594 So.2d 1054 (La.App. 3 Cir.1992), writ denied, 609 So.2d 222 (La.1992), and its analysis of the factors set forth in State v. House, 325 So.2d 222 (La.1975), which are utilized in determining whether a person possessing controlled substances also has an intent to distribute those substances. We agree that House is controlling on these facts, and, accordingly, we find that the evidence was insufficient to support a finding of intent to distribute.
The Louisiana Supreme Court tells us in State v. Maxie, 93-2158 (La.4/10/95); 653 So.2d 526, that: "In order to confirm a conviction, an appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational fact finder to conclude that every element of the crime was proved beyond a reasonable doubt." Id. at 531.
An element of this crime is proving specific intent:
Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
La.R.S. 14:10(1).
No direct evidence exists to prove the requisite specific intent to distribute marijuana; thus, circumstantial evidence, consisting of inferential reasoning, can support the element of specific intent beyond a reasonable doubt. State v. Broussard, 560 So.2d 694 (La.App. 3 Cir.), writ denied, 566 So.2d 981 (La.1990). This circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Starr, 28-934 (La.App. 2 Cir. 12/11/96); 685 So.2d 424.
Aiding the determination of whether a person possesses drugs with the intent to distribute is State v. Harmon, 594 So.2d 1054:
The intent to distribute may be established by proving circumstances surrounding defendant's possession which give rise to reasonable inferences of intent to distribute. State v. Ramoin, 410 So.2d 1010 (La.1981); State v. Segura, 546 So.2d 1347 (La.App. 3 Cir.1989). Several factors from which intent to distribute may be inferred have been enumerated in Louisiana's jurisprudence. Those factors include: (1) that defendant ever distributed or attempted to *1179 distribute narcotics; (2) that the narcotics were in a form usually associated with narcotics possessed for distribution to others; (3) that the amount was such as to create a presumption of intent to distribute; (4) of expert or other testimony that such an amount as found on the defendant is inconsistent with personal use only; and (5) of any paraphernalia, such as baggies or scales, evidencing an intent to distribute. State v. House, 325 So.2d 222 (La. 1975).
Id. at 1060.
The record reveals that the State did not provide evidence that Defendant had ever distributed or attempted to distribute drugs in the past. Thus, Defendant does not meet criterion number one under the House factors.
The jury could reasonably have inferred that "baggies" of marijuana, individually wrapped and then wrapped in a single, larger bag, indicate intent to distribute, satisfying criterion two. However, this element standing alone is not dispositive as it is quite plausible that Defendant had simply purchased the marijuana wrapped in this fashion. This "reasonable hypothesis of innocence" must be negated in order to support a conviction of possession with intent to distribute. See State v. Lilly, 468 So.2d 1154; La.R.S. 15:438.
Relatedly, criterion five is implicated because of the packaging and baggies; however, Defendant did not possess additional baggies consistent with sales, but, rather, simply possessed individually-wrapped baggies of marijuana, which, as we have noted, he might have simply purchased in that fashion. Consequently, reviewing this criterion under the rule for circumstantial evidence, criterion five is not sufficiently met.
Criterion number three addresses whether enough drugs were found to create a presumption of intent to distribute. State v. Harmon, 594 So.2d 1054, states:
This court has consistently held that intent to distribute can be inferred from the amount of narcotics possessed. State v. Stewart, 465 So.2d 206 (La.App. 3 Cir. 1985), writ denied, 468 So.2d 571 (La.1985). If this amount is so large that no other inference is reasonable, then the evidence is deemed to be sufficient. State v. Williams, 457 So.2d 902 (La.App. 3 Cir. 1984), writ denied, 461 So.2d 313 (La.1984).
Id. at 1060-1061.
In support of his argument against finding intent to distribute, Defendant points to State v. Green, 524 So.2d 927 (La.App. 2 Cir.1988). In that case, the defendant was in possession of 51 rolled marijuana cigarettes and a small amount of loose marijuana. The court found that "[t]his quantity of marijuana, either by weight or number of joints, is not a sufficient amount to create a presumption of intent to distribute ..." and further that this amount was not "inconsistent with personal use only." Id. at 931. In the instant matter, Defendant possessed ten baggies of marijuana, with each baggie containing enough marijuana to "roll" approximately three to four marijuana cigarettes or a total of 30 to 40 hand-rolled cigarettes. Comparing the amount of marijuana recovered in Green with the similar but lesser amount found in the case before us, we are convinced that criterion number three has not been satisfied.
In criterion four, House, 325 So.2d 222, calls for "expert or other" testimony that "such an amount as found on the defendant is inconsistent with personal use only." Id. at 225. Called as witnesses on behalf of the state were Officers Richard Martone, Sr. and Dwane Brumley, both with the Many City Police Department. Officers Martone and Brumley, although not tendered as experts, did testify that, in their personal opinions, this amount under these circumstances, indicated an intent to distribute. However, these officers failed to provide testimony sufficient for a rational fact finder to convict Defendant of possession with intent to distribute. Their testimony, as the testimony of the officers in Green, 524 So.2d 927, in no way offered a basis to negate the possibility that the marijuana was intended only for personal use. See La.R.S. 15:438.
In State v. Tong, 609 So.2d 822, 824 (La. 1992), the Louisiana Supreme Court noted that marijuana distribution trafficking is "conducted mainly in `ounces, half ounces, *1180 and quarter ounces.'" Tong involved, similarly, several "nickel" or "dime" bags, meaning one-tenth or one-twentieth of an ounce sizes; by extrapolation,[1] the individual baggies in the instant matter would contain about the same amounts. Further, in Tong, the defendant possessed paraphernalia and met several of the factors provided by House. Nevertheless, the supreme court, overturning this court, held that the officer could not "preclude the possibility that the defendant had just purchased both bags before the deputies stopped him." Tong, 609 So.2d at 824.
In Tong, the State adduced the following evidence: that three empty plastic baggies were found in the glove compartment (with enough matter for "small gleanings" but insufficient for analysis); two bags of marijuana (not weighed); a dietetic scale; a Crown Royal bag full of potpourri (typically used to mask drugs according to testimony); and several officers' testimony regarding personal use versus intent to distribute, including that of the "state's expert in narcotics trafficking." Nevertheless, the court found that this was insufficient to prove intent to distribute.
Furthermore, the officer in Tong stated that the bags could either be held for sale or personal use. The supreme court hinged its reversal on the reasonable basis for other hypotheses of innocence rule, finding the possibility that the defendant had purchased the bags of marijuana for personal use a large factor. The court held that the testimony of the expert "invited the jurors to speculate on the probabilities that defendant held the marijuana for distribution and not for personal use." Id. at 825.
The record before us is completely void of any evidence which would negate the possibility that Defendant could have purchased the marijuana for personal use in the form in which it was found on him. The burden was on the State to adduce the evidence to convict, including evidence excluding every reasonable hypotheses of innocence. The State has not met its burden.
As noted above, Defendant does not contest that he possessed the marijuana. As a responsive verdict and lesser included offense, we find the Defendant guilty of possession of marijuana since all elements of that crime are plainly met and essentially admitted to by Defendant.
Therefore, the conviction and sentence is set aside, and the case remanded to enter a judgment of guilty on the lesser included offense of possession of marijuana and for sentencing on this offense.

DECREE
In light of the foregoing, Defendant's conviction and sentence is set aside and this case is remanded to the trial court to enter a judgment of guilty on the lesser included offense of possession of marijuana and for sentencing on this offense.
JUDGMENT VACATED AND SET ASIDE; REMANDED.
NOTES
[1] The record does not indicate the volume of marijuana possessed by Defendant in the present case but the 51 cigarettes possessed by the defendant in Green weighed approximately one-third of an ounce. In the case sub judice, Defendant's marijuana was estimated to be equivalent to thirty to forty cigarettes.