|! JOHNSON,
Justice dissenting, assigning reasons.
In the instant case, this Court found that the Court of Appeal erred in reversing defendant’s conviction for possession of heroin with intent to distribute, and reinstated the conviction. I respectfully disagree with the finding that the State presented sufficient evidence to prove that the defendant possessed the requisite intent necessary to warrant a conviction under La. R.S. 40:966(A). The majority decision severely curtails the enumerated factors established to determine whether circumstantial evidence is sufficient to establish specific intent to distribute. In State v. House, this Court enumerated the following five factors to aid in determining whether circumstantial evidence is sufficient to establish specific intent to distribute:
(1) whether the defendant ever distributed or attempted to distribute the drug;
(2) whether the drug was in a form usually associated with possession for distribution to others;
(3) whether the amount of drug created an inference of an intent to distribute;
(4) whether expert or other testimony established that the amount of drug found in the defendant’s possession is inconsistent with personal use only; and 5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
State v. House, 325 So.2d 222, 225 (La.1975).
| pMere possession of a controlled dangerous substance is not evidence of an intent to distribute unless the quantity possessed is so large that no other inference is reasonable. State v. Tong, 609 So.2d 822, 824 (La.1992)(citing State v. Hearold, 603 So.2d 731, 735 (La.1992)). In the instant case, the State retrieved only five to six grams of heroin. Further, there were two defendants in possession of a relatively small amount of heroin; hence, .this was not a sufficient quantity of heroin to give rise to an inference of distribution. State v. Johnson, 2000-1528 (La.App. 4 Cir. 2/14/01), 780 So.2d 1140, writ denied, 2001-0916 (La.2/1/02), 807 So.2d 854 (finding a total of four pounds of marijuana too large an amount for personal use); State v. Fernandez, 489 So.2d 345, 347 (La.App. 4 Cir.1986) (finding twenty-one small bags and several larger bags of cocaine supported inference of distribution). The State introduced no evidence that either defendant had ever distributed or attempted to. distribute drugs in the past. Further, there was no evidence of prior drug deals taking place in the apartment where the two men were discovered. Finally, the detectives found the defendants in a bedroom in a home with no history of facilitating drug trafficking, not on a street corner or in a known drug trafficking area. See State v. Perry, 97-1175, pp. 8-9 (La.App. 4 Cir. 7/22/98), 720 So.2d 345, 349 (contrasting a defendant found in his own home with drugs with one found on a street corner). Based upon the facts presented, the State failed to present sufficient evidence that the defendants intended to distribute heroin. For these reasons, I respectfully dissent.