JOHNSON, C.J.,
dissents in part and assigns reasons.
hi And it outrageous that defendant’s conviction of possession of marijuana with intent to distribute, and sentence of 18 years imprisonment without benefit of parole, probation, or suspension of sentence, resulting from the discovery of a mere 18 grams of marijuana, will be allowed to stand. Considering the rapidly relaxing social attitudes toward the use of marijuana, the increasing number of states whose voters have approved the recreational use of marijuana,[1] and changing laws (even in *427 Louisiana)[2] providing more lenient penalties relative to marijuana possession, the result of this case is even more ridiculous. By odd “coincidence,” defendant was sentenced to 18 years in prison—exactly one year per gram of marijuana—a fact suggesting defendant’s sentence was arbitrary rather than the result of careful consideration of the appropriate sentencing factors. As a practical matter, in light of the inconsequential amount of marijuana found, imprisoning defendant for this extreme length of time at a cost of about $23,000 per year (costing our state over |2$400,000 in total) provides little societal value and only serves to further burden our financially strapped state and its tax payers.[3]
Legally, the state proved nothing more than simple possession of marijuana in this case. As noted by the majority, mere possession of a controlled dangerous substance is not evidence of intent to distribute that substance unless the quantity is so large that no other inference is reasonable. State v. Greenway, 422 So.2d 1146, 1148 (La. 1982). In State v. Tong, 609 So.2d 822 (La. 1992), this court addressed the sufficiency of evidence required to convict a defendant of intent to distribute marijuana and summarized this court’s previous determinations on the amounts of marijuana needed to reach the “intent to distribute” threshold:
In this case, the state presented no evidence of the number of cigarettes that defendant’s marijuana could supply and Seller’s testimony made clear that defendant’s plastic bags contained minimal amounts of packaged marijuana. Compare State v. Duncan, 420 So.2d 1105 (La.1982) (8 ounces of marijuana, enough for 1000 cigarettes, in small bags established an intent to distribute); State v. Sibley, 310 So.2d 100 (La.1975) (amount of marijuana for 600 cigarettes supported an inference of intent to distribute); State v. Stewart, 465 So.2d 206 (La. App. 3rd Cir.1985), writ denied, 468 So.2d 571 (La.1985) (1½ pounds of marijuana in small bags sufficient to establish an intent to distribute); see also State v. Green, 524 So.2d 927 (La. App. 2nd Cir.1988), writ denied, 532 So.2d 129 (La. 1988) (possession of 51 marijuana cigarettes not sufficient to raise an inference of intent to distribute).
Id. at 824.
The state’s expert in this case testified that the amount of marijuana in defendant’s possession could have been rolled into 18 marijuana cigarettes of one gram each or 36 cigarettes of one' half gram each. This small quantity of marijuana (18 grams or just four grams over a half-ounce) is more consistent with personal use than intent to distribute.[4] A jury can *428 not speculate that the defendant intended to | {¡distribute the marijuana; it must base its determination on evidence. Because the quantity of marijuana is consistent with personal use, the state’s case was thus dependent on'the presence of other evidence suggestive of an intent by- defendant to distribute the marijuana.
In my view, there was a complete lack of evidence presented by the state that the marijuana was not for personal use. Notably there was no evidence of cash or scales, or any other, pertinent indicia of distribution, found at the house. Additionally, the state’s expert conceded that the marijuana found could have been for personal use. The state’s expert also acknowledged it was possible that the marijuana was purchased in the same form in which police found it (four separate baggies, inside of a larger one). It is apparent to me that the state’s overreaction in this case was colored by the fact that a firearm was found in the closet of the bedroom. The majority also appears to find this fact significant. However, defendant was acquitted of the weapons charge (illegal possession of the firearm while in possession of a controlled dangerous substance) thereby eliminating any evidentiary value of the firearm with regard to proving his intent to distribute the marijuana.
For these reasons, I respectfully dissent from the majority’s finding that the evidence presented by the state was sufficient to convict defendant of possession with intent to distribute marijuana. I would vacate the conviction for possession of marijuana with intent to distribute and enter the responsive verdict of guilty of simple possession of marijuana, and remand for resentencing thereon.

. Twenty-six states and the District of Columbia currently have laws legalizing marijuana in some form. Recreational use of marijuana has been legalized in California, Massachusetts, Maine, Nevada, Colorado, Washington, Oregon, Alaska and Washington D.C.

.In 2015, the legislature amended La. R.S. 40:966 to establish significantly more lenient penalties for possession of marijuana. Specifically, 2015 La Acts 295, eff. June 29, 2015, allows more lenient sentencing "when the amount possessed is fourteen grams or more, but less than two and one-half pounds.” Notably, the amount of marijuana possessed by defendant (18 grams) only slightly exceeds the first possession benchmark (14 grams), which qualifies for the most lenient sentencing under the new law, and falls far short of the two and one-half pound benchmark for penalties that are substantially higher.

. The average per diem cost for housing a state inmate is $55.00-$65.00.

. See, e.g., State v. Ramoin, 410 So.2d 1010, 1014 (La. 1981) (proof of possession of 27 marijuana cigarettes is insufficient to establish beyond a reasonable doubt that defendant intended to distribute marijuana); State v. House, 325 So.2d 222, 225 (La. 1975) (possession of 21 marijuana cigarettes and a small plastic bag containing seeds and stems was insufficient to establish intent to distribute); State v. Taylor, 99-1154 (La.App. 5 Cir. 2/29/00), 757 So.2d 63, writ denied, 00-1021 (La. 3/30/01), 788 So.2d 441 (74 grams of *428 marijuana held insufficient to establish intent to distribute); State v. Green, 18,547 (La. App. 2 Cir 6/10/97), 508 So.2d 602 (1.62 ounces of marijuana was not a sufficient amount to create-a presumption of intent to distribute); State v. Green, 524 So.2d 927 (La. App, 2 Cir. 1988) writ denied, 532 So.2d 129 (La. 1988) (possession of 51 marijuana cigarettes not sufficient to raise an inference of intent to distribute).