742 So.2d 604 (1999)
STATE of Louisiana
v.
Ronnell WILLIAMS.
No. 99-KA-223.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1999.
*605 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Thomas J. Butler, Terry M. Boudreaux, George C. Wallace Jr., Assistant District Attorneys, Gretna, Attorneys for Appellee.
Laurie A. White, Louisiana Appellate Project, New Orleans, Attorney for Appellant.
Panel composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and MARION F. EDWARDS.
EDWARDS, Judge.
Defendant/appellant Ronnell Williams appeals the judgment of the trial court finding him guilty of the illegal and intentional possession of an unregistered firearm in violation of LSA-R.S. 40:1785. For the following reasons, we affirm and remand with instructions.
On the evening of November 17, 1997, Deputy Kurt Sanderson of the Jefferson Parish Sheriff's Office was dispatched to the intersection of Field and Ames Boulevard in Marrero to investigate a complaint of a suspicious person armed with a gun roaming the streets. Upon arriving at the scene, the officer observed the defendant throw a large black object into the bushes on the side of the street. The defendant fit the description previously given to the officer of the suspect. The officer stopped the defendant and questioned him concerning the object thrown into the bushes. The defendant claimed no knowledge of any bushes. The officer retrieved a sawed-off shotgun from the bushes in question and arrested the defendant for the illegal possession of a sawed-off shotgun.
On November 10, 1998 the case was heard before the Honorable Sheldon G. Fernandez of the Twenty-Fourth Judicial District Court. The defendant waived the right to a trial by jury and the case proceeded before the trial judge. After the State presented its evidence and the testimony of its two witnesses, defense counsel moved for a directed verdict. The trial *606 court denied this motion and found the defendant guilty as charged to the crime of the illegal possession of an unregistered firearm in violation of LSA-R.S. 40:1785. The trial judge stated as his reason for the verdict that the defendant was guilty of the possession of a weapon without any identifying marks.
On December 8, 1998, the trial court sentenced the defendant to one year at hard labor. The defendant filed a timely motion for appeal and the matter is now before this Court for review.

LAW AND ANALYSIS
The defendant alleges four assignments of error on appeal. In his first assignment of error, the defendant alleges that the trial court erred when it allowed the prosecutor to question the defendant as to whether his waiver of his right to a trial by jury was knowing and voluntary. In his second assignment of error, the defendant alleges that the trial court erred when it instructed the defendant that a unanimous decision by a six person jury was required to find the defendant guilty or not guilty. In his third assignment of error, the defendant alleges that the trial court erred when it found the defendant guilty as charged of the crime of illegal possession of an unregistered firearm in violation of LSA-R.S. 40:1785. The defendant alleges that the evidence was insufficient to sustain a conviction, thus he was denied his right to due process of law. In his fourth and final assignment of error, the defendant alleges any and all errors patent in the record. There is one error patent on the face of the record which must be corrected on remand. Otherwise, the assignments of error are without merit and the judgment of the trial court must be affirmed.
In his first two assignments of error, the defendant alleges that improper comments were made by the State and by the trial court concerning his right to a trial by jury. The State contends that the defendant did not reserve his right to appeal these issues. In the alternative, the State contends that no error was committed by the trial court. These assignments of error are without merit and the judgment of the trial court must be affirmed.
In his first assignment of error, the defendant alleges that the trial court erred when it allowed the prosecutor to question the defendant as to whether his waiver of his right to a trial by jury was knowing and voluntary. The State contends that the defendant suffered no prejudice from these remarks and that the prosecutor was merely attempting to clarify and preserve a clear record of the defendant's waiver of his right to a trial by jury.
A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by a judge. LSA-C.Cr.P. art. 780. Waiver of one's right to a jury trial cannot be presumed and the record must show a knowing and intelligent waiver. State v. Bradford, 95-929 (La.App. 5th Cir. 6/25/96), 676 So.2d 1108.
In his second assignment of error, the defendant alleges that the trial court erred when it instructed the defendant that a unanimous decision by a six person jury was required to find the defendant guilty or not guilty. The State contends that defense counsel did not object to the statement at trial and therefore has not reserved this issue for review under LSA-C.Cr.P. art. 841. In the alternative, it is the State's position that the defendant suffered no prejudice from these remarks and that the prosecutor was merely attempting to clarify and preserve a clear record of the defendant's knowing and intelligent waiver of a trial by jury and the ramifications of such action. A review of the record reveals that defense counsel did object to the prosecutor's statement at the time that it was made, thereby reserving the right to appeal this issue.
Cases in which the punishment may be confinement at hard labor shall be *607 tried by a jury composed of six jurors, all of whom must concur to render a verdict. LSA-C.Cr.P. art. 782. LSA-R.S. 40:1791 provides the penalty for possession of an unregistered firearm in part:
Upon the first violation of any provision of this Part the penalty shall be a fine of not less than five hundred dollars nor more than two thousand dollars and imprisonment with or without hard labor for not less than one nor more than five years. (Emphasis added).
In reference to the above statute, the penalty for violation of LSA-R.S. 40:1785 may be confinement at hard labor and is therefore triable before a jury composed of six jurors, all of whom must concur to render a verdict.
In the present case, the record establishes that on the day of trial, defense counsel informed the trial court that his client wished to waive his right to a jury trial. The trial judge informed the defendant that he was entitled to a trial by judge or by jury. The defendant was informed by the trial judge that if the case was tried by a jury, all six jurors would have to concur to convict him of the crime. The defendant indicated that he understood the rights which he was waiving and that he had previously discussed the options with his attorney. Therefore, the statements made by the trial judge and by the prosecutor did not prejudice the defendant. The defendant made a knowing and intelligent waiver of his rights and the actions of the trial judge and the prosecutor merely clarified this waiver for the record. The defendant thereafter proceeded with a judge trial. These assignments of error are without merit and the judgment of the trial court must be affirmed.
In his third assignment of error, the defendant alleges that the trial court erred when it found the defendant guilty as charged of the crime of illegal possession of an unregistered firearm in violation of LSA-R.S. 40:1785. The defendant alleges that the evidence was insufficient to sustain a conviction, thus he was denied his right to due process of law.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Styles, 96-897 (La.App. 5th Cir. 3/25/97), 692 So.2d 1222, 1232; writ denied, 97-1069 (La.10/13/97), 703 So.2d 609; State v. Hebrard, 94-410 (La.App. 5th Cir. 1/31/95), 650 So.2d 352; State v. Mussall, 523 So.2d 1305 (La.1988).
In the present case, the defendant alleges that although the State proved that the weapon did not bear a serial number, the State failed to prove that the weapon was not registered. In support of his position, the defendant notes the trial judge's oral reasons that he found the defendant guilty because he was "in possession of a weapon without any identifying marks." The State contends that the circumstantial evidence surrounding the arrest is sufficient to conclude that the defendant was guilty as charged.
The defendant was convicted of possession of an unregistered firearm in violation of LSA-R.S. 40:1785, which states in part:
No person shall receive, possess, carry, conceal, buy, sell or transport any firearm which has not been registered or transferred in accordance with this part.
The requirements for the registration of a firearm are listed in LSA-R.S. 40:1783, which states in part:
Every person possessing any firearm shall register with the department the number or other mark identifying the firearm, together with his name, address, and place of business or employment, and the place where the firearm is usually kept.
*608 The State failed to introduce any direct evidence that the weapon was not registered in accordance with LSA-R.S. 40:1783. However, the State did provide circumstantial evidence that the weapon was not legally registered and that the defendant was guilty of violating LSA-R.S. 40:1785.
When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." State v. Guccione, 96-1049 (La. App. 5th Cir.4/29/97), 694 So.2d 1060; writ denied, 97-2151 (La.3/13/98), 712 So.2d 869. The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. Id. at 1067.
In the present case, the conviction was largely based on circumstantial evidence. There is no direct evidence that the defendant has failed to meet the requirements set forth in LSA-R.S. 40:1783. When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Brown, 96-2302 (La.App. 4th Cir. 4/9/97), 692 So.2d 1360; writ denied, 97-1166 (La.11/7/97), 703 So.2d 1263.
In the present case, the testimony of the two state witnesses provided circumstantial evidence of the defendant's guilt. Deputy Sanderson testified that he observed the defendant throw the weapon into the bushes when the defendant noticed his presence. When questioned by the officer, the defendant denied any knowledge of the weapon. The officer further testified that the defendant did not present any identification or paperwork that proved that the weapon was registered in accordance with the statute. Deputy Duffourc, the crime scene technician, testified as to the make and model of the weapon. His testimony established that the weapon was one which must be registered under the statute.
The State excluded every reasonable hypothesis of innocence and the trial court determined from the collateral facts and circumstances that the weapon in question was not registered as required under LSA-R.S. 40:1785. It is the opinion of this Court that the evidence viewed in the light most favorable to the State supports the conviction. The judgment of the trial court must be affirmed.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983). There is one error which must be corrected on remand.
LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post-conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three-year prescriptive period at the time of sentencing. The record reflects that the trial court in this case informed the defendant that he had three years from the date of the sentencing to apply for post-conviction relief. This was an erroneous instruction. Therefore, we hereby order the trial court to send written notice of the prescriptive period to defendant within ten (10) days of the rendering of this Court's opinion, then file written proof in the record that defendant had received such notice. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
In summary, it is the opinion of this Court that the trial court did not err when it allowed the prosecutor to question the defendant as to whether his waiver of his right to a trial by jury was knowing and voluntary. The trial court did not err *609 when it instructed the defendant that a unanimous decision by a six person jury was required to find him guilty or not guilty. The trial court did not err when it found the defendant guilty as charged for violation of LSA-R.S. 40:1785, as the circumstantial evidence was sufficient to sustain a conviction. Finally, there is one error patent in the record which must be corrected on remand. The judgment of the trial court must be affirmed and remanded with instructions.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.