839 So.2d 250 (2003)
STATE of Louisiana
v.
Freddie GILBERT.
No. 02-KA-922.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
*252 Margaret S. Sollars, Thibodaux, LA, for Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. BoudreauxAppellate Counsel, Alison WallisCounsel of record on Appeal, Assistant District Attorneys, Gretna, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
The Defendant, Freddie Gilbert, appeals his conviction by a jury of attempted possession of marijuana with intent to distribute. We vacate the sentence, enter a verdict of guilty under La.R.S. 40:966(D), the lesser included charge of simple possession of marijuana, and remand the matter for sentencing.
On December 12, 2001, the Defendant was charged by a bill of information with knowingly and intentionally possessing with the intent to distribute marijuana in violation of La.R.S. 40:966(A). The Defendant pled not guilty to the charge on December 21, 2001 and filed motions for a preliminary examination and to suppress the evidence.[1]
After a two-day trial commencing on March 6, 2002, a twelve-person jury found the Defendant guilty of the lesser responsive verdict of attempted possession of marijuana with the intent to distribute, a violation of La.R.S. 40:966(A) and R.S. 14:27. On March 13, 2002, the Defendant was sentenced to two years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
Officer John Doyle of the Jefferson Parish Sheriffs Office (JPSO), Street Crimes Division, testified that on December 5, 2001, at approximately 2:00 p.m., he was patrolling the area near 1028 Manhattan Boulevard with his partner, Officer Shane Cline. Officer Doyle testified that he and his partner were patrolling that area because the JPSO had received numerous complaints that narcotics sales were being conducted in front of the Manhattan Food Store at 1028 Manhattan, and because a couple of narcotics arrests had been made two nights earlier at the same location. Officer Doyle testified that located near the Manhattan Food Store are two apartment complexes, The Tensis and West Chasse Apartments, where he had previously made numerous arrests.
When he initially pulled into the parking lot of the Manhattan Food Store, Officer Doyle saw several people standing near the pay phones next to the building. He noticed one man turn his head toward the patrol vehicle, act physically nervous, and immediately turn and walk away from the other individuals. Officer Doyle exited his vehicle and walked parallel to the man, later identified as the Defendant. His partner detained the other three individuals. Officer Doyle observed the Defendant walk behind a bush and discard a cellophane bag. The bag contained four individually wrapped bags of marijuana, as well as another bag with numerous empty eight ball zip lock baggies.[2] Officer Doyle retrieved the drugs while his partner arrested the Defendant.
Charles Krone (Krone) of the Jefferson Parish Crime Lab testified as an expert in *253 the field of identification and analysis of controlled dangerous substances. Krone testified that he performed microscopic and chemical examinations on the samples found in the four baggies and determined that the samples tested positive for marijuana. He also testified that the marijuana in the four baggies weighed approximately three grams.
According to the Defendant, on December 5, 2001 he was standing outside the Manhattan Food Store with a group of people. He testified that he had gone to the store to get his girlfriend something to eat and, as he was coming out of the store, a police officer stopped him, put him on top of the car and asked, "Who sell crack?" The Defendant testified that he was then placed into the police car. The Defendant denied ever having or throwing down marijuana.
On appeal, the Defendant only argues that his conviction is based on insufficient evidence. He contends that the evidence is insufficient because only a small amount of marijuana was recovered and, although it was separated into four different baggies, the amount recovered is consistent with personal use.
The State responds that the jury could have found the Defendant guilty of attempted possession of marijuana with the intent to distribute, given the high crime reputation of the area where the arrest occurred, the individual baggies containing marijuana and the Defendants attempt to conceal or abandon the baggies when he saw the police.
The standard for appellate review of the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Mitchell, 99-3342, p. 7 (La.10/17/00), 772 So.2d 78, 82; State v. Williams, 99-223, p. 6 (La.App. 5th Cir.6/30/99), 742 So.2d 604, 607. This review does not require a court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt, but to consider the whole record and determine whether a rational trier of fact would have found guilt beyond a reasonable doubt. Mitchell, 99-3342 at p. 7, 772 So.2d at 83.
In cases involving circumstantial evidence, the evidence must exclude every reasonable hypothesis of innocence. La. R.S.15:438; Mitchell, 99-3342, p. 7, 772 So.2d at 83. However, the reviewing court "does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events." State v. Davis, 92-1623, p. 11 (La.5/23/94), 637 So.2d 1012, 1020. Rather, the reviewing court must evaluate the evidence in a light most favorable to the State and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. Id. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. Williams, 99-223, p. 8, 742 So.2d at 608. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998); State v. Percy, 02-255 (La.App. 5th Cir.6/26/02), 822 So.2d 823.
The crime of possession with intent to distribute marijuana requires proof *254 that the defendant knowingly and intentionally possessed the drug and that he did so with the specific intent to distribute it. La.R.S. 40:966(A). The first element, "possession," includes both "actual" and "constructive" possession. State v. Brisban, 00-3437, p. 8 (La.2/26/02), 809 So.2d 923, 929; State v. Quest, 00-205, p. 21 (La.App. 5th Cir.10/18/00), 772 So.2d 772, 786. A person who was not in physical possession of narcotics may have constructive possession when the drugs are under that person's dominion or control. Brisban, 00-3437, p. 8, 809 So.2d at 929; Quest, 00-205 at p. 21, 772 So.2d at 786. Guilty knowledge is an essential element and may be inferred from the circumstances. Brisban, 00-3437, p. 8, 809 So.2d at 929.
An attempted offense under La.R.S. 14:27(A) is when
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Thus, in order to convict the Defendant of the offense, the State had to prove that the Defendant had the specific intent to possess marijuana, that he had the intent to distribute the drug, and that he acted directly toward the accomplishing of that goal.
Specific criminal intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10. The intent to distribute may be established by proving circumstances surrounding the defendant's possession which give rise to reasonable inferences of intent to distribute. Factors which may give rise to a reasonable inference that a defendant had the specific intent to distribute include 1) previous attempts to distribute, 2) whether the drug was in a form consistent with distribution to others, 3) the amount of the drug, 4) expert or other testimony showing the amount found in the defendant's possession to be inconsistent with personal use only, and 5) paraphernalia evidencing an intent to distribute. State v. Hearold, 603 So.2d 731, 735 (La.1992); Quest, 00-205, p. 21, 772 So.2d at 786. Mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible, and if the amount is inconsistent with personal use. Hearold, 603 So.2d at 735-736 (La.1992); Hollins, 99-278, p. 8, 742 So.2d at 678.
In regard to the first factor, the State did not introduce any evidence that Defendant had ever distributed or attempted to distribute drugs in the past. The only evidence as to the Defendants criminal history was elicited during his testimony when he stated that he had no prior felony convictions. Thus, we have no evidence of prior actions to consider.
The second factor is whether the drug was in a form usually associated with possession for distribution to others. Officer Doyle testified that the marijuana was in four individual baggies, which were wrapped in a larger bag. There was no further testimony as to whether this was a form of transport usually associated with possession for distribution to others. In State v. Jack, 97-351 (La.App. 3rd Cir.10/8/97), 700 So.2d 1177, writ denied, 97-2726 (La.2/13/98), 706 So.2d 993, the Third Circuit reasoned that a jury could reasonably infer that "baggies" of marijuana, individually wrapped and then wrapped in a single, larger bag, indicate intent to *255 distribute. However, the court noted that this element, standing alone, is not dispositive because it is possible that the defendant could have simply purchased the marijuana wrapped in this fashion. Id. at 1179.
The third factor is whether the amount of drugs created an inference of intent to distribute. Krone testified that the four baggies filled with marijuana weighed 4.58 grams, but if the marijuana were weighed without the baggies, it would have weighed approximately three grams. The Third Circuit in Jack found that an amount of marijuana sufficient to "roll" approximately 30 to 40 hand-rolled cigarettes was not enough to create a presumption of intent to distribute. In State v. Green, 18,547 (La.App. 2nd Cir.6/10/97), 508 So.2d 602, the Second Circuit found that 1.62 ounces of marijuana was not a sufficient amount to create a presumption of intent to distribute. In this case, we find that, standing alone, and considering the other facts herein, three grams of marijuana do not create an inference of intent to distribute marijuana.
With respect to factor number four, no expert evidence was produced to show that the amount of marijuana was inconsistent with personal use only.
The last factor is whether there was any evidence of paraphernalia, such as baggies or scales, that would evidence the intent to distribute. The testimony of Officer Doyle indicated that several zip lock baggies labeled with eight ball symbols were also found with the discarded marijuana. Although Officer Doyle was not qualified as an expert in the packaging and sale of narcotics, he testified that the types of bags were nickel bags that would hold five dollars worth of marijuana. Officer Doyle testified that the particular bags recovered were used for the packaging and reselling of narcotics. He further testified that the packaging can possess a range of symbols that will signify a certain dealer.
Officer Doyle also testified that he was trained to look for other signs of possession with the intent to distribute such as money, cell phones, or pagers. He testified that none of those items were found on the Defendant, but explained that those items are not always indicative of drug dealing, depending upon the area and the level of the drug dealer. Officer Doyle stated that pay phones are often used in certain areas and it is often the case that when a young individual is selling drugs, he will not have money because he must bring the money directly to someone to whom he is answering. Officer Doyle also testified that known drug dealers lived in the apartments across the street from where the Defendant was arrested.
In State v. Taylor, 99-1154 (La.App. 5th Cir.2/29/00), 757 So.2d 63, writ denied, 00-1021 (La.3/30/01), 788 So.2d 441, 74 grams of loose marijuana were found under the defendants bed, along with about nine grams of marijuana contained in hollowed-out cigars. Plastic sandwich bags, commonly used in packaging marijuana, were also found in that defendants home, although no marijuana was packaged into these bags. This Court held that the evidence was insufficient to convict the defendant of possession with intent to distribute marijuana, stating that the State failed to satisfy more than one or two of the five enumerated factors in support of intent to distribute, and noted that there was no evidence of a key element, that the marijuana seized was not consistent with personal use.
In State v. Kelly, 01-321 (La.App. 5th Cir.10/17/01), 800 So.2d 978, writ denied, 01-3266 (La.11/1/02), 828 So.2d 565, the possession of 21 small colored plastic bags containing 31.7 grams of marijuana was sufficient to convict the defendant of possession *256 of marijuana with the intent to distribute. There, we distinguished Taylor, noting that there was expert testimony that the amount of the marijuana combined with the way it was packaged in individual packets was indicative of retail sale as opposed to personal consumption. In addition, the evidence showed the existence of paraphernalia in that case.
Similar to the Kelly case above, here the marijuana was packaged in individual baggies. In addition, paraphernalia in the form of eight ball labeled zip lock bags was found. However, in the present case, unlike Kelly and similar to Taylor, the State failed to introduce evidence that the amount of marijuana or the packaging of the marijuana was inconsistent with personal use.
In this case, the State produced evidence of only one, or at the most two, of the factors we must consider in determining whether, under Jackson, the Defendant had the intent needed to be convicted of attempted possession of marijuana with the intent to distribute. Thus, we find that the evidence is not sufficient to convict the Defendant of that crime. Further, we need not grant a post-judgment verdict of acquittal. The evidence is sufficient to convict him of simple possession.
Under La.C.Cr.P. art. 821 E, "If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense." Thus, after vacating the Defendants conviction and sentence imposed for attempted possession with the intent to distribute marijuana, we will enter a verdict of guilty under La.R.S. 40:966(D), the lesser included charge of simple possession of marijuana, and remand the matter for sentencing.[3]
Accordingly, the Defendants conviction and sentence are vacated. We hereby enter a verdict of guilty under La.R.S. 40:966(D), the lesser included charge, of simple possession of marijuana, and remand the matter for sentencing.
CONVICTION AND SENTENCE FOR ATTEMPTED POSSESSION OF MARIJUANA WITH THE INTENT TO DISTRIBUTE VACATED AND CONVICTION OF SIMPLE POSSESSION OF MARIJUANA HEREBY ENTERED. CASE REMANDED FOR SENTENCING.
NOTES
[1] The record does not reflect a ruling on those motions. However, motions pending at the commencement of trial are waived when the defendant proceeds to trial without raising as an issue the fact that the motions were not ruled upon. State v. Day, 00-64 (La.App. 5th Cir.5/30/00), 762 So.2d 264, 268.
[2] The zip lock bags were labeled with eight ball symbols.
[3] We reviewed the record for patent errors pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337, 338 (La.1975); State v. Perrilloux, 99-1314, p. 12 (La.App. 5th Cir.5/17/00), 762 So.2d 198, 206. No patent errors were found.