STATE OF LOUISIANA

VERSUS

JOHNNY KELLY

NO. 19-KA-425

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-4675, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

July 31, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Stephen J. Windhorst

<u>**CONVICTION AND SENTENCE VACATED; REMANDED**</u>
    **SJW**
    **SMC**
    **JGG**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Thomas J. Butler
Anne M. Wallis
Douglas E. Rushton
Andrew Decoste

COUNSEL FOR DEFENDANT/APPELLANT,
JOHNNY KELLY
Sherry A. Watters

**WINDHORST, J.**

Defendant, Johnny Kelly, appeals his conviction and sentence for possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. For the reasons that follow, we vacate defendant's conviction and sentence, and remand the matter to the trial court for further proceedings.

**Facts and Procedural History**

On August 29, 2017, the Jefferson Parish District Attorney filed a bill of information charging defendant, Johnny Kelly, with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. Defendant was arraigned and pled not guilty that same day. The case was subsequently tried before a 12-person Jefferson Parish jury. On May 15, 2018, the jury found defendant guilty as charged in an eleven-to-one verdict.

On May 21, 2018, the trial court sentenced defendant to imprisonment at hard labor for fifteen years without benefit of parole, probation, or suspension of sentence. The trial court ordered this sentence to run concurrent with the sentence in case number 17-5537. At sentencing, defense counsel objected to the non-unanimous verdict and to the sentence. This appeal followed.

The following was presented at trial. In June 2017, Detective Victor Marler with the Ponchatoula Police Department contacted Agent Mathew Vasquez with the Attorney General's Office for assistance in locating defendant, Johnny Kelly. Agent Vasquez testified that he located home and work addresses for defendant, and also discovered that he was wanted for traffic attachments.

On June 21, 2017, agents located defendant at his work address in Harahan, Louisiana, where they saw defendant's registered vehicle parked outside. Agent Vasquez testified that when he saw the vehicle, he contacted the Jefferson Parish Sheriff's Office, who sent units to assist. Agents observed the vehicle for approximately forty-five minutes until defendant exited the building and entered his

vehicle. Once defendant started his vehicle, Agent Vasquez and the additional units stopped defendant, and when he exited his vehicle, they placed him under arrest.

Agent Vasquez informed defendant of his Miranda rights, that he was under arrest for outstanding traffic attachments, and that he was a person of interest in an investigation. When Agent Vasquez asked defendant if there were any weapons in the truck, defendant responded that there was some marijuana in the center console but no weapons. Agent Vasquez opened the back driver-side door of the truck, where he immediately saw a firearm on the floor of the truck sticking out the rear of the center console. Upon seeing the firearm, Agent Vasquez looked closer in the vehicle. He saw the marijuana in the center console, and saw clothing in the vehicle.

In executing a search warrant for the vehicle, agents found the firearm, ammunition, firearm magazine, defendant's "TWIC" card, an identification card for Brandon Jones, defendant's business card, and the vehicle's registration and title in defendant's name. Agents also seized a clear bag containing marijuana. At the Jefferson Parish Detective Bureau, during Agent Vasquez's interview of defendant, defendant told Agent Vasquez that the gun in the truck was legal and that no one else uses his truck.

Defendant rented the living room of 2625 Dolores Drive, where he lived with other individuals. In executing the search warrant of the home, Agent Vasquez testified that Detective Marler found the same ammunition that was in the gun magazine located in defendant's truck, a corresponding magazine, and a storage case for that gun containing extra grips. Detective Marler testified that the items were found in a closet located in a bedroom that had Brandon Jones's identification card on the nightstand. Detective Marler stated that residents present during the search identified the bedroom as belonging to Brandon Jones but did not indicate that any seized items belonged to Mr. Jones. Each bedroom had a lock and Mr. Jones's bedroom was locked. Detectives found no keys on defendant at the time of his arrest.

Defendant asserts as assignments of error that (1) the State failed to prove the charged offense beyond a reasonable doubt, as the evidence failed to prove possession, dominion or control; (2) the trial court erred in denying the Motion to Suppress the Evidence; (3) the trial court erred in finding that the non-unanimous verdict supports a felony conviction and satisfies due process and seeks a new trial; and (4) the trial court erred in imposing a constitutionally excessive sentence.

**Law and Analysis**

### Sufficiency of the Evidence

Defendant asserts that there is insufficient evidence to prove the charged offense beyond a reasonable doubt, as the evidence failed to prove possession, dominion or control. When the issues on appeal relate to both the sufficiency of the evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence by considering the entirety of the evidence. State v. Hearold, 603 So.2d 731, 734 (La. 1992). The reason for reviewing sufficiency of evidence first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a reasonable trier of fact, viewing the evidence in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proven beyond a reasonable doubt. Therefore, consideration of sufficiency of evidence precedes consideration of other assignments of error which, if meritorious, result in vacating a conviction due to trial errors, and remand for possible retrial.

When, however, a claim of insufficiency of evidence is found to have merit, it results in a reversal due to a failure to prove a charge beyond a reasonable doubt, to which jeopardy attaches and the case cannot be retried. Thus, sufficiency of evidence analysis also precedes consideration of whether a verdict must be vacated and remanded under Ramos v. Louisiana, 590 U.S. --, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), 2020 WL 1906545.

Defendant asserts that there is insufficient evidence that he exercised actual or constructive possession of the handgun, alone or jointly, and that no reasonable juror could have concluded otherwise. Defendant notes that the butt of the gun under the console was only visible from the back seat. Defendant further argues that Brandon Jones's identification card was in the truck and that the gun box, grips, and ammunition were found in the closet of Mr. Jones's locked bedroom. Defendant asserts that nothing in Mr. Jones's bedroom had his name on it or was proven to belong to him. Further, defendant states that he only rented and slept in the living room and used the living room closet to store his belongings. Defendant claims that detectives did not find contraband in the area he rented.

Defendant notes that unlike the living room, each bedroom locked, but that no room keys were found on defendant. Defendant asserts that he was never seen in Mr. Jones's bedroom and that no forensic evidence linked him to the gun. The defense argues that defendant likely would not have volunteered the presence or location of the marijuana had he known about the gun. Defendant asserts that the circumstantial evidence was insufficient to show constructive possession, dominion, or control over the handgun.

The State argues that defendant's possession of the vehicle gave him dominion and control over the handgun, and that defendant had access to the gun as the driver of the vehicle, which was registered in his name. The State also asserts that a jury could properly conclude that the defendant's statement to the officer that the gun was legal amounts to knowledge of the gun's presence in the vehicle.

The constitutional standard for sufficiency of the evidence is whether, upon viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find that the State proved all of the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When circumstantial evidence is involved, the evidence must

exclude every reasonable hypothesis of innocence. La. R.S. 15:438; State v. Gilbert, 02-922 (La. App. 5 Cir. 1/28/03), 839 So.2d 250, 253. The reviewing court "does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events," but rather must evaluate the evidence in a light most favorable to the State and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Washington, 03-1135 (La. App. 5 Cir. 1/27/04), 866 So.2d 973, 977.

Defendant was convicted of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. To support a conviction under La. R.S. 14:95.1, the State must prove beyond a reasonable doubt that defendant had: (1) possession of a firearm; (2) a prior conviction for an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) the general intent to commit the offense. State v. Youngblood, 18-445 (La. App. 5 Cir. 5/22/19), 274 So.3d 716, 729. Defendant only challenges the sufficiency of evidence as to proof of his possession of the firearm. Thus, we only address this issue relative to that element.

Actual possession of a firearm is not necessary to prove the possession element of La. R.S. 14:95.1. Constructive possession is sufficient to satisfy the element of possession. State v. Day, 410 So.2d 741, 743 (La. 1982); State v. Jones, 09-688 (La. App. 5 Cir. 2/9/10), 33 So.3d 306, 314, writ denied, 11-1301 (La. 3/2/12), 83 So.3d 1042. A person is in constructive possession of a firearm if the firearm is subject to his dominion and control. State v. Johnson, 03-1228 (La. 4/14/04), 870 So.2d 995, 998. It is presumed that the sole occupant of a vehicle has dominion and control over the contents of the vehicle, regardless of the ownership of the vehicle. State v. Burbank, 07-125 (La. App. 5 Cir. 10/30/07), 971 So.2d 1173, 1177, writ denied, 07-2287 (La. 4/25/08), 978 So.2d 364. Guilty knowledge may be inferred from the circumstances and proved by direct or circumstantial evidence.

Jones, 33 So.3d at 314. The State must prove that the offender was aware that a firearm was in his presence and that the offender had the general intent to possess the weapon.

In State v. Dotie, 43,819 (La. App. 2 Cir. 1/14/09), 1 So.3d 833, writ denied, 09-310 (La. 11/6/09), 21 So.3d 297, the court upheld the defendant's conviction for possessing a firearm found in the closed front seat center console of a vehicle he was driving. No fingerprints were recoverable from the weapon, and the defendant was not observed touching the console. Additionally, the car belonged to the mother of the defendant's child, although the defendant drove it ninety percent of the time. Id. At trial, the defendant's mother testified that she borrowed the car the day before, put the gun in the console, and forgot to remove it. The appellate court rejected the defendant's argument that his mere presence in the vehicle where the gun was found did not constitute constructive possession, noting that the defendant had been evasive when stopped and that he drove the vehicle most of the time. The latter fact, according to the court, allowed a rational juror to find that he exercised full dominion and control over the car. Id.

In State v. Washington, 11-716 (La. App. 5 Cir. 3/13/12), 90 So.3d 1157, 1162-63, this Court found sufficient evidence to support a finding of constructive possession. In so finding, the Court considered that officers were informed that the defendant drove the vehicle, a registration check revealed that the defendant was the owner of the vehicle despite his assertions to the contrary, the keys to the vehicle were found on the defendant's person, and the defendant was seen accessing the vehicle immediately prior to the contraband being discovered in the vehicle.

In the instant case, we find that the evidence at trial established that defendant constructively possessed the firearm found in his vehicle and intended to possess it. Defendant was the sole occupant of the vehicle when he was apprehended. As in Washington, the vehicle where the gun was located was registered to defendant. The

title to the vehicle was in defendant's name. After the gun was found, Agent Vasquez testified that defendant told him that the gun in his truck was legal. Agent Vasquez also stated that defendant told him nobody else uses his truck.

Detective Marler testified that in conducting the search of defendant's home, officers recovered items related to the gun in an area of the home identified as rented by Brandon Jones, whose identification card was also in the car. Even if the gun was only accessible from the back seat of the vehicle and defendant did not own the gun, the evidence still supports a finding that defendant still shared control of the firearm as it was found within the cab of a truck that he owned, exclusively used, and was driving alone when arrested.

Considering the law and the facts herein, we find that a rational trier of fact could have found the evidence was sufficient under the standard set forth in Jackson to support defendant's conviction for possession of a firearm by a convicted felon. This assignment of error lacks merit.

**Non-unanimous Verdict**

Defendant alleges that the jury verdict for his conviction is invalid because it was rendered by a non-unanimous jury, and that the non-unanimous verdict violates the Sixth and Fourteenth Amendments of the United States Constitution. In light of the recent decision from the United States Supreme Court in Ramos v. Louisiana, — U.S.— , 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), we find this assignment of error has merit.

Defendant was found guilty of possession of a firearm by a convicted felon. La. R.S. 14:95.1 read in pertinent part, "Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand

dollars." Since the punishment for this offense is necessarily confinement at hard labor, a jury of twelve persons was required. *See* La. Const. Art. I, Sec. 17; La. C.Cr.P. art. 782.

The Sixth Amendment promises that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." In Ramos, the Supreme Court recognized that the Amendment does not specifically identify what a "trial by an impartial jury" entails. Ramos, 140 S.Ct. at 1395. The Supreme Court, however, stated that "The text and structure of the Constitution clearly suggest that the term 'trial by an impartial jury' carried with it some meaning about the content and requirements of a jury trial" and held that "One of these requirements was unanimity." Id. The Supreme Court further held that the Sixth Amendment's requirement for a unanimous verdict to support a conviction applies in state court. Ramos, 140 S.Ct. at 1397.

In concluding that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense, the Supreme Court stated:

> There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally. This Court has long explained that the Sixth Amendment right to a jury trial is "fundamental to the American scheme of justice" and incorporated against the States under the Fourteenth Amendment. This Court has long explained, too, that incorporated provisions of the Bill of Rights bear the same content when asserted against States as they do when asserted against the federal government. So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court. (Footnotes omitted.)

Id.

As a result of the Supreme Court's decision in Ramos, all defendants who were convicted of serious offenses by non-unanimous juries and whose cases are

still pending on direct appeal will be entitled to a new trial. Because defendant here was convicted of a serious offense by a non-unanimous verdict and his case is pending on direct appeal, defendant is entitled to have his conviction and sentence vacated and to a new trial.

Consequently, based on the Ramos decision, and having first found that defendant is not entitled to an acquittal based on insufficient evidence under Hudson, supra, we vacate defendant's conviction and remand this matter for a new trial.

Given our conclusions herein, we pretermit any discussion of the remaining assignments of error.

**Decree**

For the foregoing reasons, we find that defendant is entitled to a new trial. Accordingly, we vacate defendant's conviction and sentence in the instant case and remand the matter to the trial court for further proceedings.

**CONVICTION AND SENTENCE VACATED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 31, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

### 19-KA-425

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)          GRANT L. WILLIS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)
SHERRY A. WATTERS (APPELLANT)

**MAILED**
HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
ANDREW DECOSTE (APPELLEE)
DOUGLAS E. RUSHTON (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053